UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| AARON LITTLE FRENCH, | ) |
| Plaintiff, | ) |
| vs. | ) 3:04-cv-049-RLY-WGH |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**Entry Discussing Defendant's Motion to Dismiss**

For the reasons explained in this Entry, the United States' motion to dismiss this action must be **granted.**

**Background**

Aaron French was confined for a period of time at the United States Penitentiary at Terre Haute (USPTH). The USPTH is a prison operated by the Federal Bureau of Prisons (BOP). The claim remaining for resolution in this action is that while French was at the USPTH prison employees negligently or intentionally mishandled his personal property. French's loss is asserted to have occurred in August 2003. The legal claim which emerges from this allegation is against the United States, asserted pursuant to the Federal Tort Claims Act (FTCA). 28 U.S.C. § 2671, *et seq.*

The United States is the defendant in an action pursuant to the FTCA. *Hughes v. United States,* 701 F.2d 56, 58 (7th Cir. 1982). The United States has challenged this court's jurisdiction over French's claim. On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992).

**Discussion**

"It is axiomatic that the United States as sovereign cannot be sued without its consent." *Macklin v. United States,* 300 F.3d 814, 820 (7th Cir. 2002)."The United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of the consent to be sued in any court define the court's jurisdiction to entertain the suit." *United States v. Sherwood,* 312 U.S. 584, 586, 61 S. Ct. 767, 769-70 (1941) (citations omitted).

One form of seeking relief from the misconduct of federal officials is to bring a claim against the United States under the FTCA. *Sisk v. United States,* 756 F.2d 497, 500 n.4 (7th Cir. 1985) (citing 28 U.S.C. §§ 1346(6), 2680). The FTCA provides for a waiver of sovereign immunity for "claims against the United States, for money damages . . . for . . . loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). However, there are numerous exceptions to this waiver of immunity. *See* 28 U.S.C. § 2680(a)-(n).

One such exception is 28 U.S.C. § 2680(c), which excepts from the waiver "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by an officer of customs . . . or any other law enforcement officer." *Id.*

It has been persuasively held that Bureau of Prisons personnel are law enforcement officers within the meaning of § 2680, *e.g., Bramwell v. U.S. Bureau of Prisons,* 348 F.3d 804 (9th Cir. 2003); *Chapa v. United States Dep't of Justice,* 339 F.3d 388, 390 (5th Cir. 2003)); *Hatten v. White,* 275 F.3d 1208, 1210 (10th Cir. 2002), and that the storage of personal property such as that which occurred in this case was a "detention" of goods or other property. *Bramwell*. The court concludes, therefore, that a claim under the circumstances alleged by French falls outside the waiver of sovereign immunity created by the FTCA because of the "detention of goods" exception contained in § 2680(c).

It is true, of course, that the Seventh Circuit aligned itself with the narrow, minority view of the question in *Ortloff v. United States,* 335 F.3d 652, 660 (7th Cir. 2003), and in doing so "held that § 2680(c)'s exception applies solely to law enforcement officers performing customs or excise functions . . . ." The BOP employees at the USPTH are not alleged to have been performing "customs or excise functions." The version of § 2680(c) at issue in *Ortloff* was amended on April 25, 2000, through the Civil Asset Forfeiture Reform Act ("CAFRA") as part of Pub.L. 106-185, § 3(a). The version of the exemption statute at stake in *Ortloff* extended only to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law enforcement officers," whereas the CAFRA revised § 2680(c) to exempt injury or loss to property arising out of detention "while in the possession of any officer of customs or excise or any other law enforcement officer . . . ." The Court of Appeals in *Ortloff* noted the CAFRA amendment to § 2680(c), 335 F.3d at 657 n.2, but found that under the circumstances it had no occasion to apply that amendment to Ortloff's claim. French's case is different, of course, because the loss of his property occurred after the CAFRA amendment to § 2680(c).

*Ortloff* did not determine whether BOP officers were law enforcement officers under CAFRA. Both *Bramwell* and *Chapa* do so, however, and conclude that they are.

> BOP employees are "law enforcement officers" under 5 U.S.C. §§ 5541(3), 8331(20) and 8401(17)(D)(i) (civil service benefits eligibility);  42 U.S.C. § 3796b(6) (public safety officers' death benefits); and 18 U.S.C. § 3592(c)(14)(D) and 21 U.S.C. § 848(e)(2) (authorizing the federal death penalty for killing a "law enforcement officer").

*Bramwell,* 348 F.3d at 807. A similar conclusion was reached in *Chapa,* 339 F.3d at 390. These conclusions and the reasoning supporting them are persuasive.

## Conclusion

French's claim pursuant to the FTCA is barred by the sovereign immunity waiver exception contained in 28 U.S.C. § 2680(c). The United States' motion to dismiss the claim pursuant to the FTCA must therefore be **granted.** Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 06/10/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana